IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sylvester Brinson, individually and for a class, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 24-cv- ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) |
| *Defendants.* | ) *jury demand* ) |

# COMPLAINT

Plaintiff Sylvester Brinson, by counsel, alleges as follows:

1. This is a civil action arising under the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act and the Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq.* The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1343, and 1367.

2. Plaintiff Sylvester Brinson was processed into the Cook County Department of Corrections (CCDOC) on March 14, 2024, and assigned booking number 2024-0314016. Plaintiff continues to be detained at CCDOC.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for individuals remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled individuals remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary party in

this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Cook County owns all buildings at the Cook County Department of Corrections, including Division 6. Cook County controls all funding for renovating county owned buildings.

6. Plaintiff is substantially limited in the activity of moving from place to place and standing because of an incident that occurred about 4 years ago. As a result of this incident, a rod was inserted in plaintiff's right leg and hardware was installed in his left knee. Plaintiff needs a cane to move from place to place.

7. Plaintiff requires accommodations to perform everyday life activities, including ambulating, showering, and toileting.

8. Medical staff at the CCDOC provide orders for an individual, like plaintiff, to be permitted to use a cane based on medical need.

9. Over the past two years, more than 50 inmates prescribed a cane, crutch, or walker have been housed in Division 6.

10. It is the policy of the Sheriff to designate Division 6 as an appropriate housing location for detainees with mobility disabilities that require auxiliary aids, such as a cane, crutch, or walker.

11. At the direction of defendants Sheriff and Cook County, AGAE Contractors, Inc, a general contractor, oversaw the renovations of all 24 shower locations in Division 6 at the CCDOC. The intent of the renovations was to make

one shower in each of the 24 shower locations compliant with the "ADA accessibility requirements."

12. On April 7, 2015, AGAE Contractors, Inc. notified Cook County that the Division 6 shower renovation project reached "substantial completion."

13. In each of the 24 shower locations, grab bars were installed around one shower and one shower head was lowered. No mounted shower seats, however, were installed. An example of the renovations to the Division 6 showers is shown below:



14. Defendants, at this time, took no action to renovate any of the detainee toilets in Division 6 to make them accessible for a physically disabled person like plaintiff. On information and belief, there are no grab bars around any of the detainee toilets in the 24 housing units in Division 6.

15. Defendants Dart and Cook County know detainees with mobility disabilities that require auxiliary aids but do not require medical housing are housed in Division 6 without accessible showers and toilets.

16. In April of 2018, the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, prepared a "FY19 Business Case" seeking Cook County to conduct an ADA Assessment and Improvements for several divisions, including Division 6. A relevant portion of this Business Case states:

> **2 Background**
>
> **What history led to this project?**
>
> Division 10 is a maximum security division with no ADA compliant housing. Detainees with mobility disabilities that require auxiliary aids, but do not require medical housing, are housed in divisions 2, 4, 6, 9 and 10. The only ADA housing (housing that complies with 2010 design standards) that currently exists for detainees with mobility impairments is the RTU and Cermak. The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and 08, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This creates difficulties with bed control, and also leads to litigation.
>
> **What are the motivating issues/concerns behind this request?**
>
> The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and Cermak, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This leads to litigation.
>
> **What is the current business process as it relates to this project? (Explain the specific physical or logistical issue that wish to be alleviated by this project)**
>
> Example: We intake people at the main facility and then send them to neighborhood service providers, We rent facilities to accommodate training ten times a year, People are lining up around the block to access services in inclement weather, etc.
>
> bed control, housing and litigation.

17. The shower floor is slippery and plaintiff was unsteady when he attempted to engage in the program or activity of showering. The absence of a mounted shower seat has caused plaintiff and similarly situated disabled inmates the inability to shower on the same basis as abled body inmates.

18. Plaintiff was unable to toilet on the same basis as non-disabled detainees because he was not provided an accessible toilet with grab bars. Plaintiff experienced pain when engaging in the program or activity of showering and toileting.

19. There is no adequate remedy for the refusal of the Sheriff and Cook County to accommodate Division 6 inmates prescribed a cane, crutch, or walker.

20. In response to a grievance complaining of barriers toileting and showering ADA Compliance Officer Rivero-Canchola stated that plaintiff "has been evaluated by medical and cleared for housing in any division. Cane can be utilized throughout the compound and reasonable accommodations for showring, toileting are available. However, per medical you do not need an accommodation."

21. Plaintiff, who remains at the CCDOC and continues to be subjected to the above-described policy to be housed in Division 6, brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective relief for all inmates housed in Division 6 at the CCDOC prescribed a cane, crutch, or walker by the medical staff.

22. Plaintiff also requests that the Court certify this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure for all inmates housed in Division 6 at the CCDOC after May 8, 2022, prescribed either a cane, crutch, or walker.

23. At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

24. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that appropriate injunctive relief be granted for the class of persons housed in Division 6 of the CCDOC prescribed a cane, crutch, or walker and that the Court enter appropriate relief pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate under federal and state law, including an award of attorney's fees and costs. In the event the plaintiff is unable to establish compensatory damages, the plaintiff requests an award of nominal damages.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900
pwm@morrisseylawchicago.com
*Attorneys for Plaintiff*